THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PHILIP QUINLIVAN, Appellant.

Third Department, August 2, 1973.

*Lewis A. Hoffman* for appellant.

*Spencer G. Feldmann, District Attorney,* for respondent.

HERLIHY, P. J. This is an appeal by the defendant from a judgment of conviction rendered by the County Court of Madison County on September 7, 1971, upon a plea of guilty to manslaughter in the first degree and imposing an indeterminate sentence of 10 to 17 years.

Counsel assigned for the prosecution of the appeal has submitted an affidavit stating that he finds no appealable error of any merit and the case has been submitted upon the defendant's brief.

The defendant was indicted for the crime of murder in the first degree in regard to the death of a woman in Madison County on September 9, 1962. At the time of his indictment in Madison County in October of 1962, the defendant was being held on charges of a separate murder committed on or about the same date in Broome County. In regard to the Broome County proceedings the defendant was examined and found incapable of standing trial and was incarcerated in an institution for the criminally insane for a number of years with the indictment and charges in Broome County eventually being dismissed in April of 1967. Thereafter, in 1967 the defendant was arraigned in Madison County and motions to suppress evidence and for the dismissal of the indictment were made. It was conceded by the People that all oral admissions by the defendant while in custody would be suppressed, as well as a certain rifle and ammunition, all of which related to the interrogation of the defendant without proper advice as to his right of counsel and to remain silent. The court ruled that other items of disputed evidence would not be suppressed and the record sustains that decision, the same relating to physical evidence found in and about the body of the victim; the testimony of a witness that the defendant had purchased a certain calibre rifle shortly before the alleged murder; and a voluntary statement made to a friend of the defendant which might be interpreted as an admission of guilt. Based upon the results of the suppression hearing, the court reviewed the Grand Jury minutes and found that there was ample legal evidence before the Grand

Jury to support the indictment regardless of the suppressed evidence.

At about the time the aforesaid decisions on the motions to suppress and dismiss the indictment were rendered, the defendant was again examined for the purpose of ascertaining his ability to stand trial and he was found incapable of co-operating in his defense in January of 1968 and was again committed to an appropriate institution for the criminally insane. In April of 1971 the defendant was found capable of standing trial and he was rearraigned in May and counsel was assigned. On August 30, 1971 pleas of not guilty and not guilty by reason of insanity were entered and a motion by defendant's counsel to withdraw upon the ground that he had had no previous experience in regard to a plea of not guilty by reason of insanity was denied after due and reasonable consideration by the trial court. Also, on August 30, 1971 consideration was given by the court and the parties to the appointment of competent expert examiners for the purposes of the insanity plea. On September 1, 1971 the defendant and his counsel again appeared before the court and both joined in a motion to withdraw the pleas of not guilty and both personally offered a plea of guilty to manslaughter in the first degree, it being specified that a punishment not to exceed a minimum of 10 years and a maximum of 17 years had been agreed upon. The court then extensively reviewed the plea and the effect of the plea with the defendant with the result that the court was satisfied that the defendant fully understood and appreciated the consequences of his act and that the plea was voluntarily and competently made. The record does not indicate any possible or probable lack of understanding on the part of the defendant at the time he personally entered his plea of guilty to manslaughter in the first degree with the consent of his counsel and with an agreed upon limitation as to the maximum sentence. On September 7, 1971 the defendant and his counsel appeared before the court for sentencing at which time the defendant requested a further psychiatric examination in regard to his then sanity and the court, after reviewing what had previously occurred before it and its observations of the defendant, determined that there was no substantial question as to his then competency and imposed the theretofore agreed upon sentence.

Upon this appeal the defendant contends that the trial court should have permitted his counsel to withdraw because of his lack of experience as to the insanity plea entered prior to the plea of guilty. However, the record demonstrates that the trial

court, in considering counsel's plea of unfamiliarity with a plea based upon insanity, gave weight to assigned counsel's experience in conducting defense matters and also considered that, insofar as assigned counsel were available to the court, specific experience with that particular plea would probably not be available. In sum, it does not appear that the court committed error in regard to assigned counsel and the record does not demonstrate that assigned counsel, at the trial level, was anything other than diligent and competent. The record establishes that assigned counsel for defendant was given ample time to prepare a defense and that a request to put the case over the September term was not founded upon any substantial reason and the court reasonably found that such would result in unnecessary delay. There is no indication that the defendant was anything other than competent to participate in the determination to enter the plea of guilty to manslaughter and to accept sentencing at the time the same was imposed.

A reading of the record establishes that the defendant's rights were amply protected at each stage of the proceeding; that he was competent to know and understand the nature of a plea of guilty and there is no merit to the appeal.

The judgment should be affirmed.

GREENBLOTT, KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed.